Grafton, }
  Dec. 6, 1910. }

### WOOD PIANO CO. *v.* HUCKINS.

REPLEVIN, for a piano sold conditionally by the plaintiffs to one Wright and attached by the defendant as the property of Wright. Transferred without a ruling from the May term, 1910, of the superior court by *Plummer*, J., upon an agreed statement of facts.

By the terms of the sale, the title to the piano is in the plaintiffs and is to so remain until it is paid for as stipulated in the contract. At the time of the sale Wright was an innkeeper at Haverhill; and the piano was received by him there for use in his hotel by the guests and his wife, and it had been so used at the time of the attachment. No memorandum of the sale was recorded. The plaintiffs claim that the piano was "household goods," and that no record was necessary.

*Joseph Moore* (by brief and orally), for the plaintiffs.

*Burleigh & Adams* (*Mr. Adams* orally), for the defendant.

WALKER, J. The statute requiring a memorandum of a conditional sale of personal property to be recorded expressly excepts

from its operation "a lien upon household goods created by a lease thereof, containing an option in favor of the lessee to purchase the same at a time specified." P. S., *c.* 140, *s.* 23. In *Lamb* v. *King,* 73 N. H. 400, it was held that a piano kept for use in a family is an article of "household goods" under this statute. Whether it is so kept for use is obviously a question of fact which the reported case does not disclose. That it might be kept for the use of a landlord's family in a hotel, as well as in a private house, is too plain for serious discussion. No debatable question of law is raised by the case.

*Case discharged.*

All concurred.